The People of the State of New York ex rel. Westchester Lighting Company, Appellant, v. Charles H. Gaus, as Comptroller of the State of New York, Respondent.

Statutory construction — tax — statute taxing corporations upon "gross earnings from all sources" construed and applied.

Where the language of a statute is explicit and the words free from ambiguity, it is not allowable to resort to other means of interpretation. The courts will not refuse a construction of a statute in accordance with the presumed legislative intent, because clumsily worded.

Chapter 734 of the Laws of 1907, which imposes an annual tax on certain corporations, for the privilege of exercising their corporate franchises, of "five-tenths of one percentum upon its gross earnings, from all sources within the State," and defines gross earnings as so used to mean "all receipts from the employment of capital without any deduction," must be regarded as an enactment, classifying with earnings, for the purpose of the tax, *all receipts* from the use of capital. It measures the tax by a percentage upon all receipts of the corporation which the use of its capital originated.

*People ex rel. Westchester Lighting Co.* v. *Gaus*, 137 App. Div. 934; affirmed.

(Argued June 2, 1910; decided June 14, 1910.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 4, 1910, which confirmed a determination of the defendant in assessing a franchise tax against the relator for the year 1907.

The facts, so far as material, are stated in the opinion.

*John A. Garver* for appellant. If the legislature intended to change the statute by taxing capital as well as earnings, it should have done so by appropriate language, so as to make its meaning in this respect unmistakable. In all statutes defining the duties and obligations of citizens the accurate use of language is of the utmost importance. Tax laws in particular, which deprive the citizen of his property and which are apt to bear unequally upon different classes of society, must be construed strictly. (*Matter of Enston,* 113 N. Y. 174; *Matter of Fayerweather,* 143 N. Y. 114; *Matter of Harbeck,* 161 N. Y. 211; *Rochester* v. *F. W. Assn.,* 183 N. Y. 23, 30; *U. S.* v. *Isham,* 17 Wall. 496; *Hartranft* v. *Wiegman,* 121 U. S. 609; *American, etc., Co.* v. *Worthington,* 141 U. S. 468.)

*Edward R. O'Malley, Attorney-General* (*Edward H. Letchworth* of counsel), for respondent. Words whose meaning is defined in a statute must be given that meaning in applying the statute. (*Farmers' Bank* v. *Hale,* 59 N. Y. 43.)

GRAY, J. This is an appeal from an order of the Appellate Division, confirming a final determination of the state comptroller, which assessed a franchise tax upon the gross earnings of the relator for the year 1907, under section 186 of the Tax Law; including in the earnings of the relator amounts which represented the " cost of raw materials converted into gas and electric current ". This section imposed an annual tax on water works, gas, electric, or steam, heating, lighting and power companies, for the privilege of exercising their corporate franchises, of " five-tenths of one per centum upon its gross earnings, from all sources within the State ". It defined " the term ' gross earnings ' as used in this section " to mean " all receipts from the employment of capital without any deduction ". This definition was added, by way of amendment, by chapter 734 of the Laws of 1907. As the statute stood prior thereto, it had been held that where a portion of the capital of a company was invested in raw materials, which

from time to time were converted into the manufactured product and came back to the relator as cash, a tax on gross receipts by the comptroller was unauthorized and that to arrive at the gross earnings, in order to fix the tax, he should deduct from the gross receipts the cost of the raw materials. (*People ex rel. Brooklyn Union Gas Co.* v. *Gaus*, 114 App. Div. 266 ; affd., 195 N. Y. 616.) The basis of the decision, of course, was that, where the tax was limited by the statute to " gross earnings ", that limitation was too precise to permit of the taxation of any receipts, which could not be classified as earnings, or profits, upon the capital invested. The statutory amendment followed upon the construction given by the Appellate Division. The argument of this appellant is that, however we may assume the intention of the legislature, in amending the law, to have been to include receipts from all sources, irrespective of whether they represented earnings, as such are usually understood, the intention fails through inappropriate language and the amendment has not changed the statute as formerly construed. It is argued that the amended statute still limits receipts, for the purposes of taxation, to such as result from " the employment of capital " ; which would exclude receipts representing the replacement of capital. The argument has its force, unquestionably. The bituminous, or coking, coal, which is placed in retorts for the production of coal gas; or the anthracite coal, or coke, through which, when in an incandescent state, steam is passed, for the production of water gas; or the coal which, used as fuel, is converted into power and produces electricity, all, indeed, represent investments, or the employment, of capital and the return of the cost in the price of the product is a return of capital. But the argument does not suffice to meet the objection that the legislature meant to enlarge the scope of the franchise tax by including all moneys that were received as products of all uses of corporate capital, " without any deduction ". Doubtless, the legislative intent is inartistically expressed; but, if that intent can be spelled out from the words of the statute, effect must be given to it. The language

being explicit and the words being free from ambiguity, it is not allowable to resort to other means of interpretation. (*Johnson v. Hudson R. R. R. Co.*, 49 N. Y. at p. 462 ; *Matter of Comrs. of Washington Park*, 52 ib. 131, 137.) It will not do for the courts to refuse a construction of a statute in accordance with the presumed legislative intent, because clumsily worded. In this amendment, it cannot be denied that the legislature has chosen to give a definition to the term " gross earnings ", which makes it include *all receipts*, and caps its mandate, in that respect, by adding the words " without any deduction ". When the statute provides for taxing " gross earnings from all sources " and adds that that means " all receipts from the employment of capital without deduction ", however the language offends against the normal concept, we must regard the law as classifying with earnings, for the purpose of the tax, all receipts from the use of capital. That is what the legislature has done. Its enactment measures the tax for the privilege of exercising the corporate franchises by a percentage upon all receipts of the company, which the use of its capital originated.

I think we should affirm the order appealed from.

Cullen, Ch. J., Haight, Vann, Werner, Hiscock and Chase, JJ., concur.

Order affirmed, with costs.