(162 App. Div. 207)

PEOPLE ex rel. GENESEE LIGHT & POWER CO. v. SOHMER, State Comptroller. (No. 107–43.)

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

TAXATION (§ 382*)—FRANCHISE TAX—STATUTE—"GROSS EARNINGS."

Under Tax Law (Consol. Laws, c. 60) § 186, imposing a tax upon the gross earnings of companies supplying gas, water, or electricity, and providing that the term "gross earnings" means all receipts from the employment of capital without deduction, an electric light company is not entitled to have deducted from its gross receipts the amount paid by it to another corporation for the electricity furnished, notwithstanding the fact that such amount enters into the gross earnings of the selling corporation and is taxed against it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 633; Dec. Dig. § 382.*

For other definitions, see Words and Phrases, vol. 4, p. 3167.]

Certiorari by the People of the State of New York, upon the relation of Genesee Light & Power Company, against William Sohmer, as Comptroller of the State of New York, to review the determination of the comptroller imposing a tax upon the relator under Tax Law (Consol. Laws, c. 60) § 186, for the year 1911. Determination confirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Strebel, Corey, Tubbs & Beals, of Buffalo (Elton H. Beals, of Buffalo, of counsel), for relator.

The Attorney General (Franklin Kennedy, of Albany, of counsel), for respondent.

---

JOHN M. KELLOGG, J.  Section 186 of the Tax Law imposes a franchise tax upon corporations supplying gas, water, or electricity "for the privilege of exercising its corporate business" of five-tenths of 1 per cent. upon its gross earnings from all sources.  The question arises under the last clause of the section, which was added in 1907 and reads as follows:

"The term 'gross earnings,' as used in this section, means all receipts from the employment of capital, without any deduction."

The gross receipts of the relator were $85,349.22, but of that sum it paid to the Niagara, Lockport & Ontario Power Company for electricity purchased $45,237.91.  It is claimed that this last item was erroneously taken into consideration.

In People ex rel. Brooklyn Union Gas Co. v. Morgan, 114 App. Div. 266, 99 N. Y. Supp. 711, we held that the cost of the coal and the raw material going into the making of the gas was not a part of the gross receipts.  Our decision was in 1906.  In 1907 the above clause was added to the section, presumably to do away with the effect of that decision.

In People ex rel. Westchester Lighting Co. v. Gaus, 199 N. Y. 147, 92 N. E. 230, a case arising after the amendment, it was held that the cost of the raw material, converted into gas or electric current, could not be deducted from the gross earnings.  That case is absolutely controlling here.  If the relator had generated its own current, the cost of the raw material which was used in making it could not be deducted.  In other words, the cost of the current to the taxable company could not be deducted from the receipts.  Instead of generating the current, the relator purchased it, and the purchase price is the cost of the current to it, the same as the cost of raw material would be, if it had generated the current.

The relator contends that the Niagara Company is taxable upon its receipts for this same current, and that there is double taxation.  But in the Westchester Case the amount which the relator paid for the coal was the gross receipts of another company, for which that company was taxable.  The question of double taxation could be raised as well there as here.

The section imposes the tax upon the gross earnings.  It then describes the gross earnings to be all receipts from the employment of capital, without any deduction.  The language used, as interpreted by the Westchester Case, leaves nothing for discussion.

Determination unanimously confirmed, with $50 costs and disbursements.