The People of the State of New York ex rel. Genesee Light and Power Company, Relator, *v.* Martin Saxe, and Others, Composing the State Tax Commission, and The State Tax Commission, Respondents.

Third Department, July 2, 1917.

**Tax — franchise tax calculated upon gross earnings of electric companies — purchase by one company of electric power from another company for purposes of resale — tax upon gross earnings is constitutional.**

A corporation supplying electricity for lighting or power purposes is subject to a franchise tax calculated upon its gross earnings from all sources within the State, as prescribed by section 186 of the Tax Law, although it purchases a portion of its electric current from another company and resells the same to its customers. Said section is not obnoxious to the State Constitution on the theory that it creates a discrimination, for the tax is imposed upon every corporation doing the same kind of business within the State.

Certiorari issued out of the Supreme Court and attested on the 9th day of September, 1916, directed to Martin Saxe, and others, composing the State Tax Commission, and the State Tax Commission, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in fixing the franchise tax of the relator for the year ending October 31, 1913.

*Strebel, Corey, Tubbs & Beals* [*Elton H. Beals* and *Emery S. Tucker* of counsel], for the relator.

*Merton E. Lewis, Attorney-General* [*Harold J. Hinman, Deputy Attorney-General* of counsel], for the respondent State Tax Commission.

WOODWARD, J.:

If there is any distinction between the facts in this case and those involved in *People ex rel. Genesee Light & Power Co.* v. *Sohmer* (162 App. Div. 207; affd., without opinion, 212 N. Y. 598), in so far as they can have any relation to the law, the counsel has failed to make it clear to this court. The relator is concededly a corporation coming within the provisions of section 186 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62). This statute provides that "Every corporation, joint-stock company or association formec for supplying water or gas, or for electric or steam heating, lighting or power purposes, shall pay to the State for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this State, an annual tax which shall be five-tenths of one per centum upon its gross earnings from all sources within this State, and three per centum upon the amount of dividends declared or paid in excess of four per centum upon the actual amount of paid-up capital employed by such corporation, joint-stock company or association. The term ' gross earnings ' as used in this section means all receipts from the employment of capital without any deduction." It is conceded that the relator had an income from the sale and distribution of electricity for the year involved in this proceeding of $115,314.46, and the Comptroller has made his assessment upon the basis of this gross earning. The relator urges that as it merely purchased this electric current from the Niagara, Lockport and Ontario Power Company at a cost of $53,807.42, which it paid for out of the sums collected from its customers, it was not using its capital in the transaction, and that the assessment should be reduced by this amount.

This reasoning, in view of the amendment of the statute subsequent to the decision of this court in *People ex rel.*

*Brooklyn Union Gas Co.* v. *Morgan* (114 App. Div. 266), is wholly fallacious, as are the constitutional objections urged in connection with this suggestion. The rule as applied in the former effort of this relator to evade the taxation is not open to the objection of providing double taxation, nor is it open to the suggestion of an unfair discrimination. It provides a perfectly uniform rule of assessment for all corporations of the class to which the relator belongs; it compels the payment of five-tenths of one per centum upon the gross earnings as defined by the statute for the privilege of exercising the corporate franchise of doing business. There is no discrimination about it; the same rate applies to every corporation doing business of the same kind, and the relator does not pretend that it did any part of its business outside of the State of New York, nor is there any suggestion that it was not using all of its authorized and paid in capital in exercising its franchise to do business within this State. The fact that it may have had sufficient credit so that it was not called upon to pay for the current until the amount had been collected from its customers is of no possible consequence. The relator was organized for the general purposes indicated by its name. It had a definite capital which it could not change without resort to the provisions of law, and it was using that capital in carrying on its business; it was trying to, and apparently did, earn dividends or a surplus upon the entire capital stock, and it was for the privilege of doing this that the tax was imposed. The amount of its gross earnings, as defined by the statute, measured the amount of the tax, and, so long as every other corporation in a like position was called upon to pay a tax based upon the same method of computation, the relator is not in a position to urge constitutional objections.

The case is clearly controlled by the decision of this court upon the prior review (162 App. Div. 207), and the assessment should be confirmed, with costs.

Determination unanimously confirmed, with fifty dollars costs and disbursements.