In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner, *v.* STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, July 29, 1965.

*Whitman, Ransom & Coulson* (*Patrick H. Sullivan* and *Bernard L. Sanoff* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondent.

AULISI, J. This is a proceeding pursuant to article 78 of the CPLR brought by the petitioner to review the final determination made by the respondent on October 27, 1964, upholding a franchise tax assessment for the quarterly period ending July

31, 1960. The proceeding was transferred by Special Term to this court for initial determination.

The parties have entered into a stipulation of the facts upon which petitioner's request for a refund was denied, the only question before us being whether the amounts received by petitioner (1) as reimbursements for property damage and insurance claims and (2) from the sale of capital assets consisting of real property, scrap and used machinery, are receipts from the employment of capital so as to be taxable (Tax Law, § 186). The statute, enacted in 1896, exacts a franchise tax from utility companies measured by a certain percentage of their " gross earnings ". By amendment in 1907 (L. 1907, ch. 734, § 3) the Legislature added a definition of " gross earnings ", as " all receipts from the employment of capital without any deduction."

Petitioner contends that the amounts received are nonprofit receipts representing a return of capital or a conversion into cash of capital assets no longer being employed and cannot be taxed under section 186 because they were not receipts from the " employment of capital ". It is urged by the Tax Commission that all of the petitioner's receipts are taxable under said section since that tax is not on gross earnings but on gross receipts and furthermore the term " employment of capital " as used in section 186 refers to both active and inactive employment and thus includes the real property, scrap and used machinery owned but not actively employed by the company.

Prior to the 1907 amendment, afore-mentioned, which added the definition of " gross earnings ", it was held in *People ex rel. Brooklyn Union Gas Co.* v. *Morgan* (114 App. Div. 266, affd. 195 N. Y. 616) that the cost of raw materials which were converted into the manufactured product (gas) had to be deducted from the company's gross receipts from the sale of such gas. The Legislature thereafter amended section 186 to define " gross earnings ". This definition was held in *People ex rel. Westchester Light. Co.* v. *Gaus* (199 N. Y. 147 [1910]) to have effectively changed the law from a tax on gross earnings, not capital, to a tax on gross receipts, including capital.

Whether or not, as petitioner alleges, this is the first time the Tax Commission has attempted to assess franchise taxes against the items herein, the commission cannot be estopped from changing an interpretation of statutes (*Matter of Marx* v. *Goodrich,* 286 App. Div. 913).

In our view the cases cited by the petitioner are not in point. To be of value, comparisons must be made between almost identical statutes. However, in our opinion, the money received by the petitioner as reimbursements for damages to its property and for insurance claims on destroyed or damaged property

were not intended by the Legislature to come within its definition of gross earnings. These reimbursements were in no way produced by the petitioner's capital. Such receipts are not derived from the " employment of capital " but from the accidental *destruction* of capital. The stipulated facts do not indicate whether or not the reimbursements for the damaged property exceeded its cost less depreciation value, that is, whether petitioner has made any profit on paid reimbursements. We will assume, as apparently the parties do, that no profits were made (cf. for analogy, Regulations of N. Y. City Comptroller, arts. 150, 151, in 4 CCH, State Tax Reporter, N. Y. City Gross Receipts, pars. 169–105, 107).

We reach a different conclusion on the question of receipts from the sale of real property no longer employed by the petitioner and from the sale of scrap and obsolete machinery. The petitioner has failed to show that the assessment of these items was illegal (*People ex rel. Freeborn & Co.* v. *Graves,* 257 App. Div. 587) or that the determination of the Tax Commission was clearly erroneous (*People ex rel. Hull v. Graves,* 289 N. Y. 173). It is our belief that said items must be regarded as receipts from the use of capital as held by *Westchester Light.* (199 N. Y. 147, 150, *supra*), where, in construing the 1907 amendment, the court said: " In this amendment, it cannot be denied that the legislature has chosen to give a definition to the term ' gross earnings ', which makes it include *all receipts,* and caps its mandate, in that respect, by adding the words ' without any deduction '. When the statute provides for taxing ' gross earnings from all sources ' and adds · that that means ' all receipts from the employment of capital without deduction ', however the language offends against the normal concept, we must regard the law as classifying with earnings, for the purpose of the tax, all receipts from the use of capital. That is what the legislature has done. Its enactment measures the tax for the privilege of exercising the corporate franchises by a percentage upon all receipts of the company, which the use of its capital originated."

The Supreme Court of Pennsylvania has held in *Commonwealth* v. *Brush Elec. Light Co.* (204 Pa. 249) that the entire proceeds of sales of scrap iron and other materials and supplies by a light company were to be included in the gross receipts from its business. The same court, more recently, held in *Commonwealth* v. *Koppers Co.* (397 Pa. 523) that the proceeds of the sale of tangible assets were properly included in gross receipts.

It is, therefore, our conclusion — except insofar as the receipts from property damage and insurance claims relating to property

within this State are concerned — that respondent's determination sustaining the franchise tax assessment was proper.

The determination should be annulled and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

HERLIHY, J. (dissenting in part). I agree with the majority as to the receipts found taxable but it appears to me that all of the uncontroverted receipts set forth in the stipulated facts are encompassed within the ambit of " gross earnings ", as defined by section 186 of the Tax Law, and that the determination should be confirmed.

The scope of review in this court may be both upon the law and the facts (Tax Law, § 199). The burden of proof to show the assessment is illegal is upon the taxpayer (*People ex rel. Freeborn & Co.* v. *Graves,* 257 App. Div. 587) and the determination of the Tax Commission would not be set aside unless clearly shown to be erroneous (*People ex rel. Hull* v. *Graves,* 289 N. Y. 173; *Matter of Britton* v. *State Tax Comm.,* 22 A D 2d 987, 988; 22 Carmody-Wait, New York Practice, § 162, p. 692). The petitioner in this case has not shown the respondent's interpretation of section 186 to be clearly erroneous.

It is not the source of the revenue which necessarily controls and that is particularly so where the stipulated facts recite that " The cash received by the Company in each of the transactions hereinafter described in this stipulation is accounted for as a capital transaction ".

The Tax Commission was not obligated to find, as a matter of law, as does the majority, that the receipts from the accidental destruction of capital was not taxable. The wording of the statute is sufficiently inclusive to sustain a finding that cash reimbursements from property damage claims and insurance claims are part of " gross earnings " which " means all receipts from the employment of capital without any deduction ".

The determination of the State Tax Commission is neither erroneous, arbitrary nor capricious and should be confirmed, with costs.

GIBSON, P. J., TAYLOR and HAMM, JJ., concur with AULISI, J.; HERLIHY, J., dissents in part, in an opinion, and votes to confirm.

Determination annulled and matter remitted to the State Tax Commission for further proceedings not inconsistent with the prevailing opinion herein, with costs to petitioner.