Pa. State.
1   224
f197 648

## CHARLES GEARHART *v.* GEORGE A. DIXON et al.

### IN ERROR.

The fourth section of the act, entitled " An act to consolidate and amend the several acts relative to a general system of education by common schools," which makes it the duty of the school directors of every school district, which has adopted the common school system, to cause to be levied, annually, on or before the first Monday in May, a tax for school purposes, is directory, as to time; and if, by accident or from any other cause, this duty shall have been omitted, it may be performed within a reasonable time thereafter.

The township or district school book, proved by a competent witness, is the best evidence of the proceedings of the school board; and, where it is defective, it may be explained or supplied by parol testimony.

The law does not require the school directors to keep a record of their proceedings, although it is advisable they should do so.

The duplicate and warrant of the school directors justify a collector, after a demand of the tax and a refusal to pay it, to levy upon and sell the property of the delinquent to satisfy the same.

Disobedience to an act of Assembly is an indictable offence at common law.

ERROR to the Court of Common Pleas of Northumberland county.

This was an action of trespass, brought by Charles Gearhart, the plaintiff in error, who was plaintiff below, against George A. Dixon, Peter Haughawout, Joseph Patton, William D. Gearhart, Joseph Reader, and Robert Scott, to recover damages for taking and selling a plough, the property of the plaintiff. The plough had been levied upon and sold by George A. Dixon, one of the defendants, who had been duly appointed collector of school tax for Rush township, Northumberland county, by the board of school directors of said township, for the year 1843. The defendants pleaded the general issue, but relied mainly, on the trial of the cause, upon the following special plea:—

" The said defendants come and defend the trespass above supposed to be done and committed, and say, that the said plaintiff his aforesaid action thereof against them ought not to have or maintain, because they say, that the said Peter Haughawout, Joseph Patton, William D. Gearhart, Joseph Reader, William Moore, and Robert Scott, at the time, and before the alleged trespass was supposed to be committed, were directors of the Rush township common school district, duly and legally elected, and that the said George A. Dixon was, at the time and before the committing of the alleged trespass, collector of the common school tax for said district, duly appointed by said directors before that time; that the said directors, at a meeting duly convened for that purpose, on the —— day of ————, 1841, it was resolved, that a school tax for said district, equal to two-thirds of the county tax, should be assessed and levied; that at the time, and before the com-

mitting of the alleged trespass, a duplicate, containing the name of the said Charles Gearhart, jun., and the names of the persons in the said common school district rateable for and chargeable with taxes for common school purposes, in said district, for the common school year for 1843, and also a warrant annexed to said duplicate, signed and sealed by the said Peter Haughawout, president of the board of directors, and attested by the said Joseph Patton, secretary of said board, and signed also by the said William D. Gearhart, Joseph Reader, William Moore, and Robert Scott, directors of said common school for said year, was issued and put into the hands of the said George A. Dixon, to be executed; and that the said George A. Dixon, by virtue of the said warrant, and in pursuance thereof, did demand and require of the said Charles Gearhart, jun., payment of the tax with which he stood charged in the said duplicate, on the 3d day of February, 1843, at the county aforesaid, to wit, the sum of $3 15; and because the said Charles neglected and refused to pay the same, the said George A. Dixon did, on the 9th day of March, 1843, at the county aforesaid, by virtue of said warrant, levy on the plough of the said Charles, in plaintiff's declaration mentioned, and advertised the same for sale, agreeably to law, and sold the same on the 19th day of March, in the year last aforesaid, as it was lawful for him to do, for the cause aforesaid, which is the trespass whereof the said plaintiff complains against them: and this they are ready to verify. Wherefore they pray judgment, &c."

Plaintiff replies " de injuriâ suâ," &c. Issue.

On the trial in the court below, before Anthony, president, on the 15th November, 1844; the plaintiff, after he had proved the taking and carrying away of the plough from his wagon-house by George A. Dixon, rested.

The defendants, to maintain the issue on their part, offered in evidence the Rush township school-book, after they had proved it to be the book kept by the school directors. To the admission of this evidence the plaintiff objected, because the book was not produced by the school directors who were then in office, and because no evidence had been given to prove that it had been in their possession.

They then offered in evidence the minutes of the board of school directors of April 15th, 1842, and April 29th, 1843, to be followed up with proof, that on the 29th of April, 1843, it was agreed by a majority of the directors, that a tax for the year 1843 should be laid equal to two-thirds of the county tax; also with proof of the amount of county tax for that year, and the amount of the state appropriation. To the admission of this evidence the plaintiff objected.

The defendants then called John Woodside as a witness, and offered

to prove by him, that he was present at a meeting of the school directors of Rush township, on the 29th of April, 1843 ; that, at that meeting it was agreed by a majority of the directors present, that a school tax for that year should be levied.    The plaintiff objected to the evidence.

These several objections were overruled by the court, and the evidence permitted to go to the jury.    To these several rulings the plaintiff excepted, and bills of exception were sealed by the court.

Much evidence was given at the trial which is not stated here, because it is not deemed material to the elucidation of the points decided.

The only questions involved are the following :—

Was the book given in evidence proved by competent witnesses to be the minute book of the school directors ?

Was it competent to prove the assessment of the tax levied by parol testimony ?

Did the 4th section of the act of 1844 legalize the trespass complained of ?

Was a tax ever assessed by a majority of the school directors, and the amount declared ?

The counsel of plaintiff excepted to the charge of the court, and the jury, having returned a verdict in favour of the defendants, removed the record to this court by writ of error.

*Errors assigned in this Court.*

The court below erred,

1st. In admitting the evidence stated in plaintiff's first bill of exceptions.

2d. In admitting the evidence stated in plaintiff's second bill of exceptions.

3d. In admitting the evidence stated in plaintiff's third bill of exceptions.

4th. In charging the jury that the 4th section of the supplement of the 5th April, 1844, applied to the cause, and that if the tax for 1843 was authorized to be levied on or before the 29th of May, 1843, when the warrant was issued to the collector by the school directors, it will, under the authority given by the supplement, be of the same force and effect as if the directors had authorized the tax to be levied on or before the first Monday of May, 1843.

5th. In charging the jury that they were to ascertain from all the facts in evidence, written and parol, whether the school directors did authorize this tax to be levied and apportioned in Rush township, when there was no evidence that a majority of the said directors had agreed upon the amount of tax to be levied.

6th. In charging the jury, (in effect,) that if a majority of the school directors in a conversation among themselves, when met together, agreed that a tax of two-thirds of the county tax should be levied, before the 29th of May, 1843, when the duplicate was made out, though such agreement was not entered upon the minutes of the board, nor in any way reduced to writing, was a good authorization of the levying of the tax, and that their verdict ought to be in favour of the defendants.

7th. In leaving it to the jury to find that a majority of the school directors had made a decision as to the amount of tax to be levied, previous to their making out the duplicate on the 29th of May, 1843, without any evidence to that effect.

*Comly*, for plaintiff in error, argued the book was not produced by the proper officer, or by any person authorized by him, and was therefore improperly admitted in evidence. Hockenbury *v.* Carlisle, 1 Watts, & Serg. 282; 9 Watts, 317. Parol evidence was improperly admitted and left to the jury as sufficient to prove the decision of the board as to the amount of tax to be levied; it ought to have been proved by the minutes of the proceedings of the board. The acts of Assembly do not in terms require the proceedings of the board to be entered on the minutes; but the 3d sect. of act 13th June, 1836, Purd. Dig. 315, requires the board to choose a secretary. His name imports his duties, which can only be to record the acts and proceedings of the board. But the board had no power to levy the tax after the first Monday of May: see sect. 4th of same act. And though the 4th section of the act passed 25th April, 1844, (Pamph. Laws, 396,) makes the assessment valid from the date of the act, yet it does not justify trespasses previously committed. A different construction of this act would make it conflict with the constitution of the state and that of the United States.

*Jordan* and *Hegins*, contrà, contended that the board of school directors are not required by any act of the legislature to make a minute of their proceedings. That if a majority meet, and determine to lay a tax, their determination may be proved by parol. United States *v.* Fillebrown, 7 Peters, 47; United States *v.* Dandridge, 12 Wheat. 69. The court below were, therefore, right in submitting it to the jury to determine whether a majority of the board had authorized a tax to be levied.

That the act of 25th of April, 1844, cured any defect in the levying of the tax, and was clearly retrospective in its operation; and that if the minutes of the board did not show that a meeting had been held

for the purpose of levying a tax, the duplicate and warrant, signed by all the directors, dated the 29th of May, 1843, was sufficient.

*Greenough,* in reply.

This was not a vexatious suit, but one to try a right of importance to all the inhabitants of the township. There was no tax laid before, or on the first Monday in May. He did not consider that part of the act, fixing the time, as merely directory; but if the directors did not levy the tax on or before the first Monday in May, it is to be laid by the taxable inhabitants of the township or district. The power of school directors to levy a tax on the district is limited within a certain time, and if they do not exercise this power within or at the proper time, they cannot do so afterwards.

The board of school directors are required to have a secretary, and to keep minutes of their proceedings. The minutes, if regularly kept, would be evidence; but irregular minutes cannot be supplied by parol evidence.

The opinion of the court was delivered by BURNSIDE, J.

The plaintiff in error has no cause to complain of the way he was treated in the court below. Rush township had adopted the school system. The law required the school directors, not only of Rush township, but the directors of every school district which adopted the common school system, before the first Monday in May, annually, to levy a tax for school purposes, not less than equal to, or more than treble the amount which the district is entitled to receive out of the annual state appropriation. Sect. 4, act of 1836. Here is a positive duty, enjoined by express legislative enactment. Disobedience to an act of Assembly is an indictable offence at common law. 4 Black. Com. 122; 2 Smith's Laws, 593. The school directors of Rush township were enjoined, by law, to levy the tax on or before the first Monday in May. The act of Assembly is directory as to the time, and if by accident, or from any other cause, this duty was omitted, it could be performed in any reasonable time thereafter.

The Court of Common Pleas should have received the township school-book, offered in evidence by the defendants in error. It was evidence, and the best evidence of the proceedings of the school board, and where it was defective, it might be explained or supplied by parol testimony.

There is no error in the admission of testimony in the first, second, and third bills of exception; nor is there any substance in the errors assigned to the charge of the court. The law does not require the

school directors to keep a record of their proceedings, although it is better that they should do so. The duplicate and warrant were signed by the whole board, and *issued in blank,* on the 29th of May, 1843. It was some time before a collector could be obtained. Dixon was not appointed until the 30th of September. He demanded the tax from the plaintiff in error, and payment was refused. It was then his duty to levy and sell. The proceedings of the school directors, his duplicate, and the warrant, justified him in so doing.

The supplemental act of the 5th April, 1844, which is alleged to be unconstitutional, was only declaratory of a sound construction of the preceding acts, and has no bearing on the cause.

The judgment is affirmed.