## Commonwealth v. Engle et al.

*Road law—Supervision—Failure to keep roads free from snow—Acts of June 13, 1836, July 14, 1917, and April 30, 1925.*

1. Under the Acts of June 13, 1836, P. L. 551, July 14, 1917, P. L. 840, and April 30, 1925, P. L. 402, township supervisors may be convicted of failing to keep a road free from snow, where the evidence shows that the road was closed by snow for a period of ten weeks for a distance of eighty-five yards after the supervisors had knowledge of its condition.

2. A snow-drift is an impediment to the easy and convenient travel in the public highway.

3. The method of procedure for the collection of a fine as provided by the Act of April 30, 1925, P. L. 402, is not illegal or void.

4. Disobedience to an act of assembly is an indictable offence at common law.

Motion in arrest of judgment. Q. S. Somerset Co., May Sess., 1926, No. 95.

P. G. Cober, District Attorney (with him C. L. Shaver), for Commonwealth.

Boose & Boose, for defendants.

BERKEY, P. J.—The defendants were tried under an indictment containing three counts, each concluding *contra* the act of assembly and the Commonwealth, charging in each count substantially the same offence couched in different language, to wit, "did unlawfully fail, neglect and refuse to keep in repair and free from obstructions a portion of a certain public road in said Summit Township . . . to the great inconvenience of the traveling public." The verdict returned by the jury reads: "Not guilty of failure to keep the road in repair, but guilty of failure to keep said public road free from obstruction."

The undisputed evidence in the case disclosed that the road was closed with snow for a period of ten weeks, for a distance of eighty-five yards, after the supervisors had knowledge of the condition of the road. The case is now before the court on motion in arrest of judgment on reasons assigned and pressed on the argument, viz.:

"1. The indictment does not charge an indictable offence under the laws of the Commonwealth of Pennsylvania.

"2. Since the Act of July 14, 1917, P. L. 840, township supervisors cannot be indicted in the Court of Quarter Sessions for failure to open the roads or keep the same in repair.

"3. The Act of April 30, 1925, P. L. 402, attempting to amend section 240 of the Act of July 14, 1917, P. L. 840, is so repugnant, inconsistent and contradictory in its provisions that the same cannot be enforced as a penal statute by way of indictment."

The snow-drift was, unquestionably, an impediment to "easy and convenient travel in the public highway:" Wright v. Lehman Township, 19 Pa. Superior Ct. 654.

Section 6 of "An act relating to roads, highways and bridges," approved June 13, 1836, P. L. 551, 555, provides: "All public roads or highways made or to be made shall, at all seasons, be kept clear of all impediments to easy and convenient passing and traveling, at the expense of the respective townships."

Section 27 of said act provides, *inter alia:* "The supervisors . . . shall have power, and they are hereby enjoined and required at the expense of the respective townships, . . . to execute promptly and effectually the provisions of the law."

In the act of assembly cited there is imposed upon the supervisors a positive duty, enjoined by express legislative enactment. Disobedience to an act of assembly is an indictable offence at common law: 4 Blackstone's Comm., 122; Gearhart v. Dixon et al., 1 Pa. 224; Com. v. Betts, 76 Pa. 470. Consequently the conviction of the defendants must stand under the common law counts.

It is, however, proper to consider the objection to the conviction of the defendants under the statutes of July 14, 1917, P. L. 840, and the Act of April 30, 1925, P. L. 402, amending section 240 of the Act of July 14, 1917, P. L. 840. The amending act reads: "Any township supervisors, township superintendent, *road master or contractor employed to work on the roads, bridges and highways of any township of the second class* who shall violate any of the provisions of this act other than those for the violation of which specific penalties are provided, or who shall fail, neglect or refuse to carry out the provisions of this act, *shall be guilty of a misdemeanor,* and, upon conviction [before a justice of the peace] *in a Court of Quarter Sessions,* be sentenced to pay a fine of not more than fifty dollars, to be collected in the name of the township as other debts of like amount are collected. All such fines shall be paid to the township treasurer for the use of the road fund."

The words, phrases and provisions which have been stricken out or eliminated from section 240 of the Act of 1917 by the enactment of the amendment of 1925 have been enclosed between brackets, and all new words or provisions which have been inserted or added to the statute by the amendment are indicated by italics.

The act as amended is assailed because it provides the fine imposed by a Court of Quarter Sessions is "to be collected in the name of the township as other debts of like amount are collected." This legislative enactment for the collection of fines in the manner provided for in the act under consideration is not the most usual method employed by the legislature for the collection of fines imposed by a court of record, though it is the common method for the collection of fines imposed for violation of city and borough ordinances and other summary convictions. In the Road Law of June 13, 1836, P. L. 551, 555, we find the same procedure provided for the collection of fines and penalties imposed by a court of record. It is provided in section 74: "If any person shall wilfully set fire to any wooden bridge within this Commonwealth, with intent to destroy the same, or shall be accessory thereto before the fact, such person shall, for every such offence, be liable to indictment and to the punishment provided by law in cases of arson, and also shall forfeit and pay a sum

not more than two thousand dollars, at the discretion of the court having cognizance of such offence, for the use of the county, township or townships, corporations or persons aggrieved."

Section 75 reads: "All fines and pecuniary penalties which may be incurred under any of the provisions of this act shall, unless it be otherwise especially provided, be recoverable in the name of the Commonwealth, at the instance of any person who will sue therefor, in the same manner as debts of like amount are recoverable, with costs of suit."

I find no adjudicated case in the books of decided cases that renders the method of procedure for the collection of the fine as provided by the Act of April 30, 1925, P. L. 402, illegal and void. In fact, counsel, in the motion in arrest of judgment and in his brief, does not assail the act otherwise than to assert that, in the matter of collecting the fine the court may impose, the fine is not collectible in the manner provided by the statute, and with that matter, if it even be so, we are not now concerned in passing upon this motion.

Now, June 25, 1926, motion overruled and rule discharged.

From Mrs. Daryle R. Heckman, Somerset, Pa.