## Rieck-McJunkin Dairy Company Mercantile Assessment Case.

10

Argued April 19, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Hamilton A. Robinson,* of *Dickie, Robinson & McCamey,* with him *Cobau & Berry,* for appellant.

*Gilbert E. Long,* Assistant City Solicitor, with him *Robert White,* City Solicitor, for appellee.

OPINION BY HIRT, J., September 27, 1944:

This is an appeal from a mercantile license tax assessment. Appellant buys milk from producers and, after processing it, distributes its products both at wholesale and retail from a single place of business in New Castle. The city enacted an ordinance in 1943 "levying license taxes for general revenue purposes annually" on "pro-

duce and merchandise vendors" and "merchants of all kinds." Appellant is within these classifications. Other trades and businesses are made liable to the same annual tax of one mill on every dollar of gross revenue, subject only to the provision "that the total tax on any one place of business shall not exceed" $100. The ordinance in §10, (the section in question) provides: "Any person who shall be doing a retail and a wholesale business, either at the same or different places, shall be subject to pay a tax on each of the said businesses according to the volume of the gross sales of each." Appellant's gross revenue from its wholesale business in 1943 was upwards of $109,000, on which it was assessed a mercantile tax of $100; a separate tax of $89.56 was assessed against appellant on $89,560, the amount of its gross sales at retail for the same year. On appeals, as provided by the ordinance, both assessments were sustained by the lower court. Appellant concedes that it must pay a mercantile tax of $100 under the ordinance but contends that the city was without authority under the law to impose a tax in excess of that amount because all of the business of appellant, both wholesale and retail, originated from a single location where both branches of the business were conducted. We agree with appellant; a single tax not exceeding $100 may be assessed.

The city's power to levy the tax rests in the Third Class City Law of June 23, 1931, P. L. 932. Section 2601 of that act, as amended May 26, 1933, P. L. 927, 53 PS 12198-2601, provides that "council may by ordinance levy and collect a license tax for general revenue purposes not exceeding one hundred dollars each on [stated businesses and occupations, including] produce or merchandise vendors [and] merchants of all kinds." It is only where a business is conducted "at more than one location in a city" that each unit of the business, under the 1933 amendment may "be considered and

assessed as a separate and independent business ......
subject to the tax."

A city has no inherent power to tax; subject to con-
stitutional limitations, that power vests exclusively in
the sovereign. The Commonwealth however may dele-
gate certain of its taxing powers to a municipality but
the authority so delegated is limited strictly to the
terms of the grant in the statute conferring it. "The
power ...... to determine what property [or busi-
nesses] shall be subject to taxation and what shall be
immune is traditionally within the province of the Gen-
eral Assembly." *Com. State Emp. Ret. System v. Dau-
phin Co.,* 335 Pa. 177 6 A. 2d 870. A statute therefore
authorizing a tax may not be extended beyond its plain
intent by judicial construction (*Com. v. Harrisburg
L. & P. Co.,* 262 Pa. 238, 105 A. 80) to things not de-
scribed as the subject of taxation. *Boyd v. Hood,* 57
Pa. 98.

What was intended in the delegation of authority by
the legislature in this instance was a tax of not more
than $100 on a business if conducted at one location.
The limit is a single tax on the business as a whole
regardless of the variety of what is sold or the owner's
method of disposing of the things in which he deals.
A municipality, under the act, has no power to sub-
divide a business conducted at one location into its
component elements (e. g. of a department store where
many separable businesses are coordinated under one
management) or separately tax the wholesale and re-
tail branches of a single business. In effect this is
the holding of *Cupp Grocery Co. v. Johnstown,* 288 Pa.
43, 135 A. 610, construing a similar section of the prior
Third Class City Act of June 27, 1913, P. L. 568, as
amended. The underlying principles of decisions
governing statutes of this nature are well summarized
thus in 38 Am. Jur., Municipal Corps., §345: "......
where a municipality is simply given the power to im-

pose a license tax on a business, it cannot divide such business into its constituent elements, parts, or incidents, and levy a separate tax on each or any element, part, or incident thereof." The annotation in 5 A.L.R. (New Series) 619, referring to decisions in other states, recognizes the same principle as "a rule very generally followed."

The power of the city in this instance, therefore, is limited to the collection of a single license tax of $100 annually on both branches of appellant's business.

The order is reversed; the total assessments are reduced to one tax of $100; the city to pay the costs on this appeal.