Scranton School District Audit

*John R. Edwards*, for school directors.

*S. Augustus Davis*, for taxpayers.

*Wallace G. Moser*, for intervening taxpayer.

EAGEN, J., July 6, 1944.—The Controller of the City of Scranton in his audit of the Scranton School District for the fiscal year ending July 4, 1943, surcharged nine school directors, six of whom are still members of the board and three of whom were former members. An appeal from this audit to the court of common pleas was duly filed. Subsequently one of the individuals involved filed a motion to strike off the report and we are here concerned with the merits of this motion.

The reasons assigned are as follows:

1. The Act of June 29, 1923, P. L. 949, and its supplements require that the audit be filed within 30 days of the first Monday of July. In this case the audit was filed more than nine months thereafter.

2. The Act of June 29, 1923, P. L. 949, directs that a notice of the filing of the audit be advertised by the prothonotary once a week for three weeks beginning within a week after the filing thereof. This was not done herein.

3. The Act of May 18, 1911, P. L. 309, as amended, provides in the event of a surcharge that the directors shall be individually liable. The audit in this case charges the directors with a joint and several liability.

4. In the audit is included an accounting of the records of the tax collector of the City of Scranton. It is charged that this is immaterial and vitiates the entire audit.

One other reason originally assigned in the petition was withdrawn at the time of the argument.

The objections to the audit are in our opinion highly technical and without merit. The motion will be overruled.

We shall discuss the objections seriatim. The first challenges the legality of an audit filed more than 30 days after the first Monday of July. In our opinion, the time limitation in the Act of June 29, 1923, P. L. 949, is directory rather than mandatory. This was ruled upon in Manor Township School District, 85 Pa. Superior Ct. 84, wherein the court said (p. 91) :

". . . a failure on the part of the auditors to perform their duty cannot result in relieving a tax collector from paying to the school district the balance with which he is chargeable. The provision in the statute prescribing the time when the auditors shall audit the finances of the school district is merely directory."

The provisions of a statute requiring public officers to act within a specified time are generally regarded as directory, unless time is of the essence of the thing to be done, or the statute indicates that the provision is to be regarded as mandatory. See Gearhart v. Dixon et al., 1 Pa. 224, Pittsburg v. Coursin, 14 Pa. 400; Cusick's Election, 136 Pa. 459, 470, Sutherland, Statutes and Statutory Construction (3rd ed., 1943), sec. 5808, Endlich, Interpretation of Statutes (1888), sec. 436, and Commonwealth ex rel. Fortney v. Wozney, 326 Pa. 494, 497.

Time is not of the essence of the thing to be done in the filing of an audit, although it is agreed that the audit should be filed as promptly as possible. Frequently there are good reasons why the audit may not be completed within 30 days, to wit, when records are not available immediately and when surcharges are involved, which demands very careful checking of all related data before publication of the findings.

The second reason assigned for striking off the auditor's report is that the prothonotary failed to advertise

as required by law and it is contended it was the auditor's duty to see that it was done.

The prothonotary's duty to advertise the filing of the audit is for the purpose of giving notice to anyone interested or who might be affected thereby. No one in this case suffered as a result of the failure to advertise. A copy of the audit was filed with the board of directors. Each one mentioned in the surcharge had actual notice of the contents of the audit and the fact that it was filed is evidenced by their action in promptly appealing therefrom. Certainly under such circumstances this is not a valid reason for striking the audit from the record.

The third objection is that the persons surcharged in the audit are charged with a "joint and several" liability where the act provides for an individual liability.

The School Code of May 18, 1911, P. L. 309, sec. 517, 24 PS §482, provides:

"Any school director voting for, or any officer approving, a school order for the payment of school funds for any other purpose, or drawn in any other manner, than that provided in this act, shall, together with the surety or sureties on his bond, in addition to the penalty herein provided, be individually liable to the district for the amount thereof . . ."

The liability under the statute is several and this is charged in this case. The words "and jointly" have no validity and are mere surplusage. When the auditor used the word "severally" it is the equivalent of the word individual. The code requires the auditor to disallow and charge against any person voting for it any item not authorized by the code. This was done in this case. The disallowance and setting forth the item in the report fixes the liability without more. The code itself fixes the character of the liability.

The fourth objection says the audit is vitiated because it contains an accounting of the tax collector's records. This is certainly a peculiar objection. Surely

the directors are and should be interested in tax moneys collected for and on behalf of the school district. By authority of the Act of May 8, 1929, P. L. 1643, as amended, the tax collector in cities of the second class A (Scranton is the only one in the Commonwealth) is responsible for the collection of school taxes. The Act of June 22, 1931, P. L. 666, amending section 9 of the Act of 1929, requires the city controller to make an annual audit in detail of the tax collector's accounts. We think he complied with the law in giving to the school board the result of this audit and would have been derelict in his duty if he had failed to do so.

As pointed out before, the individuals surcharged have appealed from the audit as provided for in section 517 of the School Code. Section 2622 provided for the subsequent procedure. At the hearing all interested parties will be given their day in court and the matter fully aired. If the directors acted honestly and without loss to the school district the law offers them ample protection. It appears to the court that everyone should welcome an opportunity to acquaint the public with all the facts and have a decision rendered in the manner provided for by statute.

As pointed out by Justice Linn in Senor v. Dunbar Township School District, 307 Pa. 190, 193:

"It is important that the statutory procedure be followed because it not only affords opportunity for hearing on the part of the tax collector and on the part of the school board and any member of it, but it also provides for review on the appeal of a taxpayer (cf. Mauch Chunk School District, supra), an element not to be eliminated from consideration, as it might be if parties were able to substitute a common law action for that provided by statute."

Now, July 6, 1944, the rule heretofore granted to show cause why the auditor's report and surcharge should not be stricken from the records is discharged.