## Ryan Township School District Amusement Tax

*Frank A. Gallagher*, for appellants.

*James P. Bohorad* and *Henry Houck*, for appellee.

DALTON, J., September 7, 1955.—This is an appeal from a tax resolution adopted by a school district of the fourth class on March 17, 1955, under the purported authority of the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §2015.1 et seq., commonly known as the "Tax Anything" Act.

The only question which requires discussion is whether the tax resolution is invalid on the ground that it was adopted at a time not authorized by law.

The Public School Code of March 10, 1949, P. L. 30, sec. 672, as amended, 24 PS §6-672, requires that all school taxes levied by school districts of the third and fourth classes shall be levied and assessed during the month of April or May of each year for the ensuing fiscal year. An identical provision was contained in the former School Code of May 18, 1911, P. L. 309. Prior to 1953 there was a conflict of opinion in the lower courts as to whether a school district could levy a tax under the "Tax Anything" Act of 1947 at any time other than the months of April and May. In Bright v. City of Sharon, 69 D. & C. 551 (1949), the Court of Common Pleas of Mercer County upheld the validity of a tax resolution adopted on February 25, 1948, taking the position that the provisions of the School Code of 1911 relative to the time of levy were merely directory. On the other hand, in the case of Snyder Township School District, 69 D. & C. 10 (1949), the Court of Quarter Sessions of Blair County invalidated a tax resolution adopted on February 8, 1949, on the ground that the time of the levy violated the provisions of the School Code.

Subsequent to these decisions, the Act of May 27, 1953, P. L. 234, amended section 1(A) of the "Tax Anything" Act of 1947 by adding the following provision:

"Every ordinance or resolution which imposes a tax under the authority of this act shall impose such tax for one year only *and shall be passed or adopted, if for a school district, during the period other school taxes are required by law to be levied and assessed by such district.*" (Italics supplied.)

The express language of the Act of 1953 settles the matter and requires us to invalidate the present tax resolution, since it was not passed or adopted during the period authorized, prescribed and mandated by the statute.

The school district argues, however, that the Supreme Court has held that the provisions of earlier school laws, regulating the time of the general levy, were merely directory, not mandatory. We are asked, therefore, at least inferentially, to declare that the above quoted provisions of the amendatory Act of 1953 are likewise merely directory. We do not think that result follows.

In Gearhart v. Dixon, 1 Pa. 224, and Walker v. Edmonds, 197 Pa. 645, the statutes involved made it the *duty* of the school directors to levy a tax for school purposes on or before a certain date. In both cases, it was held that the statutes were directory as to time, and if, by accident or from other cause, the duty to levy the tax was omitted, it could be performed in any reasonable time thereafter. The reason for those decisions is obvious. The school directors had a positive statutory duty to levy the taxes, and if it should be held that their failure to perform the duty within the prescribed time deprived them of power to levy the taxes within a reasonable time thereafter, the schools could not be kept open and the public interest would suffer.

The ruling in both of those cases is actually an exception to the general rule that where an act of assembly commands an act to be performed within a

specified time, the words are mandatory. This clearly appears in East Lake Road and Payne Ave., 309 Pa. 327, 329, where the court said:

"We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory. . . . There are exceptions to the rule: it does not embrace literal compliance with an act, the performance of which has been made impossible through no fault of the one whose duty it was to act, where the thing to be done may be done at some future time (Com. v. Hill, 185 Pa. 385) ; nor does it include the performance of a public duty, the neglect of which works general inconvenience, serious injury, or injustice to those having no control over the person who is to perform the duty: Com. v. Griest, 196 Pa. 396, 416."

There is a clear distinction between the belated performance of a public duty, such as the duty of school directors to make any annual levy for support of the schools, and the untimely exercise of a purely optional power which the legislature has plainly limited as to manner and time of exercise. To uphold the validity of the former is to promote the essential aim and purpose of the legislature (Com. v. Griest, 196 Pa. 396, 416, 417) ; to sustain the latter is to nullify the legislative intent and give judicial sanction to an unauthorized act.

School directors are under no duty to levy a tax under the Act of 1947. It is a grant of purely optional power. If they choose to exercise the power, they must do so strictly within the limitations prescribed by the legislature. "The Commonwealth . . . may delegate certain of its taxing powers to a municipality (or school district) but the authority so delegated is limited strictly to the terms of the grant in the statute conferring it": Rieck—McJunkin Dairy Co. Mercantile Assessment Case, 156 Pa. Superior Ct. 9, 12.

We are of opinion that the legislative direction in the amendment of 1953, that a tax resolution adopted by a school district under the authority of the Act of 1947 "shall be passed or adopted . . . during the period other school taxes are required by law to be levied and assessed by such district", is a limitation upon the grant of power and excludes the exercise of the power at any other time.

" 'It is a general principle of interpretation that the mention of one thing implies the exclusion of another thing; expressio unius est exclusio alterius. The affirmative description of the cases in which the jurisdiction may be exercised implies a negative on the exercise of such power in other cases' ": Watson v. Witkin, 343 Pa. 1, 17, quoting 25 R. C. L. 981, sec. 229. To hold that despite the amendment of 1953 a tax resolution under the Act of 1947 could be adopted at any time, would be equivalent to a judicial declaration that the 1953 amendment was futile and meaningless and could be disregarded at will: East Lake Road and Payne Ave., 309 Pa. 327, 330.

Further indication that the legislature intended the amendment of 1953 to operate as a limitation on the power granted is the fact that the portion of the statute amended is section 1, subsec. A, which as previously amended by the Act of May 9, 1949, P. L. 898, is entitled "Delegation of Taxing Powers and Restrictions Thereon". While that circumstance might not be controlling in itself, it lends additional support to the conclusion we have reached.

"It is well settled that a tax ordinance or resolution which is unauthorized or conflicts with the enabling statute or with some of its provisions . . . is in that respect or to that extent void": Allentown Sch. Dist. Mercantile Tax Case, 370 Pa. 161, 171.

The present tax resolution was adopted in clear violation of the enabling statute, as amended by the Act of 1953, and must be adjudged invalid.

And now, September 7, 1955, the tax resolution adopted by the Ryan Township School District on March 17, 1955, levying a tax on admissions to places of amusement, is declared to be invalid and of no effect.

And now September 7, 1955, an exception is allowed appellee and bill sealed.