# Boyd *et al. versus* Hood *et al.*

1. A debtor placed a note due him in the hands of a creditor to receive the amount, and afterwards wrote to another creditor that he should receive his debt from the proceeds of the note after the first creditor should be paid; the second creditor by direction of the debtor, showed the letter to the first, who promised to pay the money when received. *Held*, that the letter was not an instrument requiring a revenue stamp.

2. A tax law cannot be extended by construction to things not described as the subject of taxation.

3. A letter in the character of a substantial instrument cannot be used to evade taxation.

January 13th 1868. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius. READ, J., absent.

Error to the District Court of *Philadelphia*, No. 301, to January Term 1867.

This was an action of assumpsit, brought May 5th 1866, by Thomas G. Hood and others, trading as Hood, Bonbright & Co., against William J. Boyd and others, trading as Boyd & Hough. The plaintiffs declared for money had and received by the defendants for their use.

On the trial below the plaintiffs gave evidence that John Wright & Co., in the month of December 1865, owed them about $800. The plaintiffs then offered in evidence the following letter from Wright & Co. to themselves, to be followed with proof that this letter was shown to defendants; that they took a copy of it, and promised that when the note mentioned in the letter was paid they would take the funds and pay them to the plaintiffs.

[Boyd v. Hood.]

" Oxford, Pa., December 20th 1865.

" Messrs. Hood & Co.

" Gentlemen: We are sorry we have not been able to settle your account yet. We left with Messrs. Boyd & Hough, No. 17 South Water street, a note for $4932.95, and we owe them $2620, leaving a balance in their hands of over $2300. We owe Messrs. Stout & Atkinson $1040, and your bill over $800, and we allow this balance to lay to pay these two bills. We hope you can get along until the note is due, or if you can, use our note till then; if you will please call on Messrs. Boyd & Hough, they will satisfy you with regard to the note.      Yours truly,

" Jno. Wright & Co."

The defendants objected to the evidence, because, as an assignment of money, or as an order to pay money, or as an agreement that the defendants should hold the money for the plaintiffs, it should have a revenue stamp on it, and because it did not authorize the defendants to pay the money to the plaintiffs.

The letter was received in evidence, and a bill of exceptions sealed.

The plaintiffs then gave evidence that the letter was taken to the defendants and handed to them; they said they would take a copy of it so that they would not forget it. They took a copy and returned the letter to the plaintiffs' messenger. They said they could not bind themselves unless the note mentioned in the letter should be paid. They said they were selling more groceries to Wright & Co. They were asked if they would sell more goods to Wright & Co., so that plaintiffs' claim would not be due? The defendants replied, " We won't do that, we don't know that we have any right to do it, because that is to be paid over to you." The witness testified that it was generally agreed that the plaintiffs' " money was safe," provided the note mentioned in the letter should be paid.

A few days afterwards the witness called on them again, and they said that the money had been attached at the Oxford Bank (Chester county).

The plaintiffs gave in evidence the note mentioned in the letter. It was drawn by Hanna & Showalter to Wright & Co., dated November 15th 1865, and payable April 1st 1865, for $4932.95, payable at the National Bank of Oxford, was endorsed by Wright & Co. and Boyd & Hough, with the usual endorsements of having passed through the bank. They gave evidence of the payment of the note by the drawers at the bank two or three days after maturity.

The plaintiffs having closed, the defendants gave in evidence their receipt to Wright & Co. for Hanna & Showalter's note, as follows :—

[Boyd *v.* Hood.]

" Received, Philadelphia, December 19th 1865, of Messrs. John Wright & Co., the note of Amos K. Hanna and Joseph Showalter, and endorsed by Messrs. John Wright & Co., dated November 15th 1865, payable on the 1st day of April 1866, for $4932.95, which, when paid, will be paid to John Wright & Co., first deducting therefrom whatever balance is due Boyd & Hough on their books.

"$4932.95.                              ' " BOYD & HOUGH.
" The above note payable at National Bank of Oxford."

Also the following endorsements on the receipt :—'

" April 5th 1866.   Messrs. Boyd & Hough will please pay the proceeds of the note within described, after deducting their bill, to Samuel Biles, the bearer of this receipt or order.
                                    " JOHN WRIGHT & Co."

" Received, April 10th 1866, of Boyd & Hough, $2187.25, being balance in their hands of within-mentioned note of Hanna & Showalter, after deducting balance due them from John Wright & Co. on their books, and paid me this day in pursuance of the above order of John Wright & Co.
                                    " SAMUEL BILES."

The defendants requested the court to charge the jury—
1. That the plaintiffs cannot recover in this suit unless they show—That the money, to recover which suit is brought, was received by defendants from John Wright & Co. to pay over to the plaintiffs by the defendants ; and that the defendants promised to pay it over to the plaintiffs.
2. That the note dated December 20th 1865, from John Wright & Co. to the plaintiffs, did not operate as an assignment of the money in question to the plaintiffs.
3. That said note did not authorize the defendants to pay the money in question over to the plaintiffs.

The court affirmed the 1st point, but refused the 2d and 3d points.

The verdict was for the plaintiffs for $828.

The defendants took a writ of error, and assigned for error the admission of the evidence contained in the bill of exceptions, and the refusal to affirm their 2d and 3d points.

*C. M. Husbands*, for plaintiffs in error, cited Acts of Congress, March 3d 1865, §§ 1–2 ; Brightly's U. S. Dig. 264, pl. 252, July 13th 1866, § 9 ; Int. Rev. Laws, p. 107, pl. 198, p. 110, pl. 204, Id. Sched. B, p. 103, June 30th 1864, § 151 ; 2 Brightly's U. S. Dig. 263, pl. 245 ; Tilsey on Stamp Laws 19, 54.

*C. E. Lex*, for defendants in error, cited Commercial Bank

[Boyd v. Hood.]

v. Wood, 7 W. & S. 89; Blymire v. Boistle, 6 Watts 182; Porter v. Brown, Add. 37; Tilsey on Stamp Laws 726; Acts of Congress, *supra*.

The opinion of the court was delivered, January 23d 1868, by

AGNEW, J.—This was an action for money had and received to the use of the plaintiffs, and there was evidence tending to prove that the defendants promised directly to the plaintiffs to pay to them their debt out of the money issuing from the note in their hands when paid according to the instructions contained in Wright & Co.'s letter of December 20th 1865. In answer to the defendant's 1st point the court charged the jury that the plaintiffs could not recover unless the money was received by the defendants from Wright & Co. to pay over to the plaintiffs; and unless the defendants promised to pay it over to the plaintiffs. The verdict, therefore, establishes the fact of the receipt of the money for the use of the plaintiffs, and the express promise of the defendants to pay it over to them. The letter was then not the ground of the action, but a mere inducement to the defendants, upon which they chose to rely in promising the plaintiffs to pay over the money. They considered it a sufficient authority to assume payment, and it was not necessary to the plaintiffs' action to use the letter as an instrument containing either a promise or an assignment of so much money, the promise of the defendants and the receipt of the money being sufficient to charge them.

The letter not being an instrument on which the action was founded, the only question is whether it could be used as an instrument of evidence simply, without being stamped as a note, or order, or assignment. Doubtless a letter in form may be a note, a promise to pay money, or an order, or an assignment, necessary to be stamped under the Act of Congress, wherever this is the intention and the use to be made of it. But clearly there is nothing in the law that requires letters as such, mere correspondence, to be stamped, before they can be placed in evidence, although they may be used as the evidence of an authority or an instruction to do a particular act, such as to receive money and pay it over to another. A tax law (and a stamp act for the purpose of revenue is such) cannot be extended by construction to things not named or described as the subject of taxation. A party may not use a letter in the character of a substantial instrument to evade taxation; but when it is really a mere communication by way of correspondence not intended as the evidence of a debt, and merely conveys an intention or purpose of the writer, and is not used otherwise, there is nothing in the Act of Congress requiring it to be stamped before it shall be given in evidence. The letter of Wright & Co. in this instance we think was but a mere letter,

[Boyd _v._ Hood.]

an act of correspondence, and not an instrument to be taxed within the Stamp Law.

The judgment is affirmed.