# Commonwealth, Appellant, *v.* Pennsylvania Water & Power Co.

*Taxation—Statutes—Subject-matter — Water companies — Electric light companies—Acts of May 8, 1889; June 1, 1889, and July 2, 1895.*

1. The power to impose a tax is given by statute, and an act relating thereto embraces such subjects only as are plainly within its terms.

2. To entitle the Commonwealth to the tax imposed the words of the statute must be clear and unambiguous.

3. A corporation organized as a water company, but having the right under the Act of July 2, 1895, P. L. 425, to "develop electric power for commercial purposes by means of water power" and supply current and power to the public, is not subject to the tax imposed by the Act of June 1, 1889, P. L. 420, upon the gross receipts of electric light companies organized under the Act of May 8, 1889, P. L. 136; and this is the case although some of the current supplied to the public was used for lighting.

Mr. Justice KEPHART dissented.

Argued May 23, 1921. Appeal, No. 1, May T., 1921, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1917, No. 80, for defendant, on case tried by the court without a jury, in suit of Commonwealth v. Pennsylvania Water & Power Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from tax settlement.

The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 73. Before KUNKEL, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant, 29 Pa. D. R. 163; 48 Pa. C. C. R. 437. The Commonwealth appealed.

*Error assigned,* among others, was judgment, quoting it.

*George Ross Hull,* Deputy Attorney General, with him *George E. Alter,* Attorney General, for appellant.—The legislature intended to lay the gross receipts tax on certain classes of companies which it classified according to the character of the business done by them, and without any regard to any previous classification made by incorporation laws. We must, therefore, interpret the classifications as generic rather than specific: Com. v. Brush El. Light Co., 204 Pa. 249; Com. v. Monongahela Nav. Co., 66 Pa. 81.

*W. S. Snyder,* of *Olmsted, Snyder & Miller,* for appellee.—A tax law cannot be extended by construction to things not named or described as the subject of taxation: Boyd v. Hood, 57 Pa. 98; Com. v. N. El. L. & P. Co., 145 Pa. 105; Emerson v. Com. ex rel., 108 Pa. 111.

OPINION BY MR. JUSTICE WALLING, July 1, 1921:

Defendant is a water-power company, also called a hydroelectric company, and the sole question here is its liability for a gross income state tax on amounts received from the sale of electric current. It was formed by the consolidation of water-power companies. Neither defendant nor either of its constituent companies was chartered as an electric light company, nor engaged in electric lighting, but a part of the current sold by it is ultimately used for that purpose. The Act of May 8, 1889, P. L. 136, provides for the incorporation, inter alia, of companies for the purpose of supplying light, heat and power by means of electricity. While section 23 of the Act of June 1, of the same year, P. L. 420, 432, imposes a state tax of eight mills upon the dollar, inter alia, upon the gross receipts "from the business of electric light companies." As to water companies the Act of July 2, 1895, P. L. 425, provides: "That corporations organized, or hereafter to be organized under the laws of this State for the purpose of supplying water power to the public, and other corporations owning or controlling water

power may develop electric power for commercial purposes by means of water power, and shall have authority to supply current and power to the public, individuals, firms and corporations at such prices as may be agreed upon." The charters of the constituent companies confer upon them the powers specified in the statute just quoted. In 1916 the auditor general and state treasurer settled a state tax against defendant upon its gross income from the sale of electric current on the theory that its business was that of an electric light company; but, upon appeal, the Court of Common Pleas of Dauphin County reversed the same and entered judgment for defendant; from which the Commonwealth brought this appeal.

The decision of the court was right. The power to impose a tax is given by statute and an act relating thereto embraces such subjects only as are plainly within its terms. In other words, "A tax law cannot be extended by construction to things not described as the subject of taxation": Boyd v. Hood, 57 Pa. 98. To entitle the Commonwealth to the tax imposed, the words of the statute must be clear and unambiguous: Com. v. Brush E. L. & P. Co., 204 Pa. 249, 252; Endlich on the Interpretation of Statutes, p. 478, section 345. There is a well-marked distinction between a water-power company and an electric light company, and defendant is clearly the former and not the latter. The fact that a water company converts its power into electric current does not make it an electric light company, and it is the business of the latter that is taxed. Furthermore, "It is agreed as a fact that this corporation [the defendant] does not engage in the business of electric lighting itself, but it does sell electric current to the Edison Electric Lighting Company which sells electric current for lighting purposes in Lancaster"; and while defendant may properly supply electric current, it has no authority to do electric lighting. Article XVI, section 6, of the state Constitution provides that, "no corporation shall engage in any business other than that expressly authorized in its charter"; and the

purpose for which a corporation is formed must be set forth in the charter: Hey v. Springfield Water Co., 207 Pa. 38, 43. As defendant is neither an electric light company, nor engaged in the business of electric lighting, it is not subject to the tax in question. There may be good reasons why a water-power company should pay a state tax, but that is a matter for the legislature. A tax cannot be imposed by implication. True, the Act of 1889 creates a class of corporations designated as electric light, heat and power companies, but a water-power company does not belong to that class.

The assignments of error are overruled and the judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE KEPHART:

Section 23 of the Act of June 1, 1889, P. L. 420, 432, imposes a tax on the gross receipts "from the business of electric light companies." A reasonable interpretation of this clause as it affects property subject thereto is all that is required. Light companies, or those concerns that to-day are supplying light, heat and power, are incorporated under two acts of assembly: (a) Act of 1889 for the supply of light, heat and power by means of electricity, and as such have the power to erect necessary buildings, machinery and apparatus, with the right to enter upon the streets and alleys for that purpose; (b) Act of 1895 (amending Act of May 16, 1889, and Act of 1874, second part of paragraph 9, section 2), as water-power companies for the supply and development of electric power for commercial purposes, to supply current and power to the public, individuals, firms and corporations at such prices as may be agreed upon, and to distribute the same at any place or places, with authority to erect and maintain the necessary buildings, etc.

While one may be designated a water-power company and another an electric light company, both are electric light companies, trafficking in that commodity. The legislature might well have authorized the incorporation

of steam power companies for the generation of steam for commercial and heating purposes; but would any one for a moment conclude, if such company had the additional power to furnish electricity generated by steam, that it would not be an electric light company? Under the Act of 1889 the legislature saw fit to designate as corporate purposes the end that was to be attained, to wit, the supply of light, heat and power. Under the Act of 1895, they designated the means by which the end could be obtained, to wit, water power. But the thing these concerns actually do is electric light business, and that is fulfilling corporate obligations.

What is the situation? Here we have a company, incorporated as a light company, generating electricity by steam, selling it to the public. Another company, incorporated as a so-called water-power company, generating electricity by water power and selling it to the public, the latter possessing all the powers of an electric light company, not pretending to have a different kind of business. It is useless to befog the issue to common understanding by saying one is a water company and the other a light company. They are both incorporated with the same object in view. This common understanding knows that, in a given town, you find the streets and houses lighted by current from a so-called water-power company, and, in another community close by, similarly lighted by an electric light company. Both do identically the same business and no more, and yet, by the majority opinion, one goes scot-free of this tax while the other must pay it. How can it be said the construction contended for in this dissenting opinion extends to things not described in the taxing act? What is described is "business of electric light companies." Does the mere fact of name control, or does the fact that it is a water-power company, though solely engaged in electric light business, with the statutory powers of an electric company, having other powers not possessed by such company, relieve it of the burden of taxation and say the

"business" is not "of an electric light company"? Even the powers of a water power company, that the light company does not possess, are in aid of lighting business, with the exception of selling water power, and we know of no such concerns in this State. Nature has not given us waters in continuous flow at appropriate elevations to conduct such concerns. However this may be, this appellee makes no use of that power.

The "business" of water-power companies is certainly described in charter purposes, and is actually put in use. There is nothing ambiguous in the taxing phrase, and, while the majority say there is a well-marked distinction between a water-power company and an electric light company, it fails to point out in practice what these distinctions are. An electric light company can be placed entirely within the powers of a water-power company.

That this company sells to but one customer, the Edison Electric Lighting Company, does not alter the situation. It is none the less a public service lighting company, doing business within the meaning of the act, whether it sells to one or one hundred thousand customers. To relieve this appellee, doing a lighting business, with powers of a light company, merely because its name does not indicate its actual business, is, to my mind, not giving the act its reasonable intendment.

The majority opinion further says, "while defendant may properly supply electric current, it has no authority to do electric lighting." We are unable to follow or understand this language. Defendant, after receiving the powers herein mentioned and after decisions on the same subject, the court now reaches the conclusion these companies cannot function as light, heat and power companies. What could be plainer than the language "to supply current and power to the public, individuals, etc.,......at such prices as may be agreed upon"; and what is "electric lighting" but selling current to the public? It is the current that does the electric lighting and it is the current that is sold. To say they can sell the

current that produces the light and yet cannot do an electric lighting business is, to my mind, confusing. These companies are, in my opinion, subject to the gross receipt tax and, therefore, I dissent.