## Commonwealth v. American Stores Company

*William A. Schnader*, attorney general, and *Charles Klein*, deputy attorney general, for Commonwealth.

*Joseph Gilfillan*, for defendant.

SMITH, P. J., March 16, 1932.—This matter comes before the court on a case stated filed by the parties. The facts are as follows:

The defendant, a foreign corporation, registered to do business in Pennsylvania, conducts a retail store at Walker and Tyson Streets, in the County of Philadelphia, where it did a gross business of $19,600 during the year 1930. The Commonwealth of Pennsylvania, acting through the Board of Mercantile Appraisers for the County of Philadelphia, assessed and appraised

such retail business for said year of 1930 at the figure above stated and assessed one mill on each dollar of said amount, or a total assessment of $19.60, and then added an additional tax of $2.63 and also a fee of fifty cents for the City of Philadelphia, both sums of sixty-three cents and fifty cents to be paid by the dealer, in addition to the $19.60 appraised on the amount of goods sold, and in addition to the regular additional tax of two dollars to be paid by the retailer in accordance with the Act of May 2, 1899, P. L. 184. The defendant protested against the imposition of said sixty-three cents, claiming that the only tax on the business done at said store should have beeen $19.60, the one mill tax, and the additional tax of two dollars and the fifty-cent fee, both provided in the Act of 1899, and there should not have been appraised and assessed against it the additional tax of sixty-three cents. Defendant appealed to the Board of Mercantile Appraisers against said sixty-three cents, and on hearing the board decided against defendant and gave notice that it must pay not only the $19.60, but the $2.63 and the fifty-cent fee, making a total of $22.73, instead of $22.10.

It was agreed that if the court be of opinion that the Board of Mercantile Appraisers was correct, judgment should be entered in favor of the Commonwealth of Pennsylvania for $22.73; otherwise, judgment in favor of the Commonwealth for only $22.10. Both parties reserved the right of exception and appeal from the judgment of this court.

The question involved is whether, in the City of Philadelphia, the statutory fee of sixty-two and one-half cents payable to the Mercantile Appraisers may be added to the amount of the tax assessed and collected from the licensee or dealer, or is to be deducted from the tax collected.

The original acts of assembly concerning mercantile taxes are those of April 2, 1821, 7 Sm. Laws 471, and April 7, 1830, P. L. 387.

The Act of 1821, Sec. 4, provides: ". . . And each constable shall be entitled to receive twelve and a half cents for each name returned in his list, to be paid by the proper city or county treasurer out of the funds created by this act." There is no provision in the act for the dealer, in addition, to pay the constable's fee. The intention of this act was to place the burden of the appraiser's fee upon the city or county, rather than on the dealer.

The next act dealing with the subject is that of 1830. It did not create the office of mercantile appraiser, but provided that the functions which that officer exercised, of mercantile appraisements, should be carried out by the respective clerks of the court of quarter sessions and mayor's courts, who "shall keep a record of the schedules and classifications made under this act, and shall be entitled to the sum of three cents for each name registered . . . and the respective city and county treasurers shall be entitled to demand and receive from each person to whom they shall deliver a license as aforesaid the additional sum of twenty-five cents as a compensation for his services in making out, registering and delivering such license."

The Act of April 16, 1845, P. L. 532, created the office and defined the duties of mercantile appraisers for Philadelphia and Allegheny Counties. Section six provides: ". . . the appraiser shall be paid . . . the sum of twenty-five cents to be paid by the proper city or county treasurer as hereinafter directed," and section eight provides: ". . . the said treasurer . . . shall receive and collect together with the fees of the appraiser and his own fee the sums to be paid by such dealers for their licenses."

This act provides clearly that the treasurer shall receive and collect not only the license fees but also the appraisers' and treasurers' fees. Section eight clearly states that the treasurer shall collect "the sums to be paid by

such dealers for their licenses," and, in addition, to collect the fees of the appraiser and his own fee.

It appears to the court that the question involved in this case is answered by the Act of May 24, 1871, P. L. 1126, which is a supplement to the Act of April 22, 1846. Section three reads: "The said mercantile appraisers shall be entitled to a fee of sixty-two and one-half cents for every name returned by them to the city treasurer, to be paid by said officer and deducted from the amount collected for the state for license fees."

This act repealed by implication all prior acts with regard to the payment of the mercantile tax appraiser's fee of sixty-two and one-half cents. Payment was to be deducted from the amount collected for the state for license fees, and this could not be done if the dealer was bound to pay it in addition to his license fee.

As stated in Com. v. Pa. W. & P. Co., 271 Pa. 456, 458: "The power to impose a tax is given by statute and an act relating thereto embraces such subjects only as are plainly within its terms. In other words, 'a tax law cannot be extended by construction to things not described as the subject of taxation.' . . . To entitle the Commonwealth to the tax imposed, the words of the statute must be clear and unambiguous."

The mercantile appraiser's fee is either to be collected from the dealer over and above the license fee or the appraiser's fee is to be deducted from the state's license fees.

We find nothing in the Act of July 17, 1919, P. L. 1025, or under section 609 of The Fiscal Code of 1929 which changes the law as to the payment of mercantile license fees in the City of Philadelphia.

The failure of the Commonwealth to collect the fee over the period from 1871 to the present time is not conclusive of its right to such fee, but its own silence as to such right is somewhat persuasive of its fiscal officers' interpretation of the Act of 1871.

*Order.*—And now, March 16, 1932, judgment is entered in favor of the Commonwealth of Pennsylvania and against the defendant, American Stores Company, in the sum of $22.10.