KROGER GROCERY & BAKING CO. *v.* SECRETARY OF STATE.

LICENSES—REGISTRATION FEE—MALT PRODUCTS DEALER AND DIS-
TRIBUTOR—STATUTES—CONSTRUCTION.
    Corporation operating many retail stores which applied for
    registration as dealer in malt products and as distributor
    thereof under provisions of Act No. 100, Pub. Acts 1931, is
    required to pay single registration fee only in each instance
    as retail dealer and as distributor.

Mandamus by Kroger Grocery & Baking Company, an Ohio corporation, to compel Frank D. Fitzgerald, Secretary of State, to issue plaintiff certificates of registration as distributor and retailer of malt products under Act No. 100, Pub. Acts 1931. Submitted January 17, 1933. (Calendar No. 36,880.) Decided March 1, 1933.

*Stevenson, Butzel, Eaman & Long* (*John C. Bills* and *Charles F. Hemans,* of counsel), for plaintiff.

*Patrick H. O'Brien,* Attorney General, and *Walter A. Kirkby,* Assistant Attorney General, for defendant.

WIEST, J. Plaintiff corporation applied for registration as a dealer in malt products and as a distributor thereof under the provisions of Act No. 100, Pub. Acts 1931. Plaintiff operates many retail stores in this State and desires to sell at retail and distribute malt products. Defendant required a registration fee for each store. Thereupon plaintiff commenced this proceeding by writ of mandamus to test its right to a single registration as a dealer and

a single registration as a distributor. The issue calls for construction of the act.

The act is entitled:

"An act to impose a privilege tax upon the sale, gift, exchange, barter, or distribution of malt syrup, malt extract, liquid malt, or wort in this State and motor vehicles used or operated for such purpose; to provide for the registration of all persons engaged in the business of selling or manufacturing of malt syrup, malt extract, liquid malt, or wort in this State and a fee therefor; to provide for the collection of such tax and fee and the appropriation of the proceeds therefrom."

Applicable provisions of the act are as follows:

"No person shall engage in the business of selling at retail malt syrup, malt extract, liquid malt, or wort unless he is the holder of a certificate of registration so to do issued as herein provided, which is still in effect. Such certificate of registration shall be issued by the secretary of State upon the filing of a written application as hereinafter provided, accompanied by a registration fee of twenty-five dollars. No person shall engage in the business defined herein as that of distributor of said articles unless he is the holder of a certificate of registration so to do issued as herein provided which shall be in effect. Such certificate of registration shall be issued by the secretary of State upon the filing of a written application therefor, accompanied by a registration fee of one hundred dollars. * * * The secretary of State shall issue to each said person a certificate to be posted in each place of business showing that the registration fee above required has been paid and the date upon which the certificate of registration was issued, which certificate of registration shall expire and be of no force and effect one year from the date of its issuance."

Defendant contends that more than one place of sale or distribution, though operated by one person, requires registrations and certificates for each place because the certificate of registration must be posted in each place of business. Plaintiff contends, one person, one registration each as dealer and distributor, and several places of business qualified by posting duplicate certificates.

The statute requires a single registration by the person who engages in the business of retail dealer and a single registration by a distributor. Now, can it be held to require multiple registrations of one person in order to comply with the requirement of posting? The statute provides: "The word 'person' shall be construed to mean and include persons, firms, associations and corporations," and imposes a specific stamp tax upon sales. The tax upon sales is one for revenue. Registration of *persons* desiring to enjoy the privilege is required. Multiple registrations by the same person is not required by words nor by intendment. "Each person" applies to "one person" for the purposes of registry, and each place of business applies to one or more conducted by the registrant.

In *Cupp Grocery Co.* v. *Johnstown*, 288 Pa. 43 (135 Atl. 610), an ordinance provided that a license tax should be " 'levied annually upon all persons, firms, and corporations engaged in any trade, business,' etc., within the city," and the question was whether a separate tax on each store, operated by one owner, could be collected. The court stated:

"It is admitted by the learned city solicitor that it is not possible 'to place one's finger on actual words in the above act of assembly stating that a corporation, or an individual, carrying on a business

taxed under said act shall pay a license tax for the business transacted at each store,' but it is argued that it is reasonable to infer that such was the intention of the legislature.

"The rule, however, for the construction of the statute and ordinance in question upon this appeal is thus stated by Mr. Justice Walling in *Commonwealth* v. *Pennsylvania Water & Power Co.*, 271 Pa. 456, 458 (114 Atl. 489) : 'The power to impose a tax is given by statute and an act relating thereto embraces such subjects only as are plainly within its terms. In other words, "A tax law cannot be extended by construction to things not described as the subject of taxation," *Boyd* v. *Hood*, 57 Pa. 98. To entitle the Commonwealth to the tax imposed, the words of the statute must be clear and unambiguous, *Commonwealth* v. *Brush, E. L. & P. Co.*, 204 Pa. 249, 252 (53 Atl. 1096) ; Endlich on the Interpretation of Statutes, p. 478, § 345.'

"The difficulty with the cases cited in behalf of appellant relating to the imposition of the mercantile license taxes is that these taxes are imposed under a system of statutes authorizing their imposition on each separate place of business carried on by the same person or corporation. * * *

"We agree with the court below that the cases construing our mercantile tax laws do not aid in the construction of the ordinance here involved, and we are of opinion that this ordinance provides primarily for a tax upon certain specified trades, businesses, callings and occupations, which tax is imposed upon all persons, firms, and corporations engaging therein. As applied to the facts in this case it is a general tax upon the designated business of engaging in the sale of groceries."

The registry fee is upon the person, and multiple registrations cannot be exacted. We hold that one registration by plaintiff, as a retail dealer, and one

registration by it as a distributor, with payment in each instance of a single fee, is all the law requires.

If necessary, the writ will issue. The question being a public one, there will be no costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.