## Commonwealth v. Fisher

*J. Hibbs Buckman*, for plaintiff; *Grim & Grim*, for defendant.

KELLER, P. J., February 4, 1935.—The Mercantile Appraiser of Bucks County assessed a mercantile license tax against the defendant as a wholesale and retail vendor of and dealer in "goods, wares and merchandise" from which assessment and the decision of the County Treasurer, sustaining the same, the defendant appealed. The parties agreed upon the facts as to the character of the business carried on by the defendant, which are as follows: "The appellant, Miles K. Fisher, during the year 1933 and for some time prior thereto, had been engaged in purchasing horses and cattle from others and selling them again to third parties from a fixed place of business in Bucks County and elsewhere, and is in all respects a dealer therein." The sole question to be determined, therefore, is whether horses and cattle are within the definition of the terms "goods, wares and merchandise" as used in the mercantile tax laws of Pennsylvania. The assessment from which the defendant appeals was made under the Act of May 2, 1899, P. L. 184, as amended by the Act of May 10, 1929, P. L. 1709, 72 PS §2621, which provides that each retail and wholesale vendor or dealer in goods, wares and merchandise shall pay an annual mercantile license tax as therein specified. It is contended by the appellant that although the terms "goods, wares and merchandise" are of large significance, they are not sufficiently comprehensive to include horses and cattle. The power to impose this tax being statutory, the acts relating thereto embrace such subjects only as are plainly within its terms. It is a well established rule of construction that a tax law cannot be extended by implication beyond the clear import of the language used or to enlarge its operation so as to embrace things not named or described as the subject of taxation. In Endlich, Interpretation of Statutes, sec. 345, the author says: "Statutes which impose pecuniary burdens, also, are subject to the rule of strict construction. It is a well settled rule of law that all charges

upon the subject must be imposed by clear and unambiguous language, because in some degree they operate as penalties. The subject is not to be taxed unless the language of the statute clearly imposes the obligation; for taxes are not imposed by implication. In a case of doubt the construction most beneficial to the subject is to be adopted": Boyd et al. v. Hood, 57 Pa. 98; Com. v. Brush E. L. Co., 204 Pa. 249; Com. v. Harrisburg Light & Power Co., 262 Pa. 238; Com. v. Pennsylvania Water & Power Co., 271 Pa. 456; City of Pittsburgh v. Kalchthaler, 114 Pa. 547; Com. v. Biddle & Henry, 2 D. & C. 705; Gould v. Gould, 245 U. S. 151; Treat v. White, 181 U. S. 264. It is not enough, in order to justify the imposition of a tax without a statute plainly warranting it, to show that the absence of a tax works an injustice in permitting many persons to escape taxation: Callery's Appeal, 272 Pa. 255.

Another recognized rule of construction of statutes is: "Where terms and modes of expression are employed in a new statute, which, at the time of its enactment, had acquired, by judicial construction, a definite meaning and application in a previous statute on the same subject . . . they are generally supposed to be used in the same sense, and in the construction of the later act, regard should be had to the known and established interpretation of such terms and modes of expression in the former." Endlich, supra, sec. 369. Com. v. Thomas Potter, Sons & Co., 159 Pa. 583; Com. v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210; Com. v. Pocono Mountain Ice Co., 23 Pa. Superior Ct. 267; Com. v. Williamson, 48 Pa. Superior Ct. 561.

The phrase "goods, wares and merchandise" has been variously defined and interpreted in different jurisdictions, depending upon the connection in which these terms were used. Some courts have held it to be equivalent to personal property and to include every article of movable and tangible personal property, animate as well as inanimate: 4 Words and Phrases (1st ed.); Basset v. Boston, 226 Mass. 64, 114 N. E. 1035. Other courts have held that animals do not constitute "merchandise" within the meaning of the United States Revenue Act of 1918, imposing a tax upon merchandise brokers: Brown et al. v. U. S. et al., 298 Fed. 177. In our own State, the Supreme Court has decided that horses and cattle are not included under the expression "goods, wares and merchandise" as used in our mercantile license statutes: Com. v. Evans, 2 Chester 383, 1 Lanc. 248. In that case the mercantile appraiser assessed a tax against a dealer of horses and cattle under the Act of April 22, 1846, P. L. 486, which, as in the Act of 1899 now before us for consideration, imposes a mercantile tax upon "dealers in goods, wares and merchandize." The dealer took an appeal and the court, in a brief opinion, in which it held that the defendant is not such a dealer as to make him liable to a mercantile tax, said: "One who buy and sells live stock such as horses and cattle, is not within the class contemplated by that Act. Its reference to goods, wares, merchandise, etc., and to those persons who keep a store or a warehouse for the purpose of vending and disposing of the same, clearly excludes the idea of applying the act to live stock." The decision was cited with apparent approval by Orlady, J., in Com. v. Robb, 14 Pa. Superior Ct. 597, 603. The Act of Assembly under which the assessment of the defendant was made imposes the tax upon the same classes of persons, and no others, which were subject thereto under the provisions of the prior acts and, inasmuch as the expression "goods, wares and merchandise" as used in prior legislation on this subject, has been construed by the highest tribunal of the Commonwealth not to include horses and cattle, this interpretation is controlling in the instant proceeding, and the appeal must therefore be sustained.

And now, to wit, February 4, 1935, the appeal is sustained and judgment is entered in favor of the defendant.