BROOKS- SCANLON CORPORATION v. J. M. LEE, as State Comptroller.

179 So. 426.

Opinion Filed February 22, 1938.

*Baker & Baker, Robert A. Baker* and *Martin Sack,* for Appellant;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, for Appellee.

200

202

Whitfield, P. J.—It clearly appears from the bill of complaint and from the agreement made a part of the bill, that the plaintiff corporation "was engaged in the business of manufacturing lumber in the Town of Foley, in Taylor County, Florida, and as incidental to such business, manufactured and produced electric current for the operation of its mills, for the use of the inhabitants of Foley, a town inhabited exclusively by employees of the Plaintiff, and for the lighting of said town; and said current so furnished for the town and its inhabitants was furnished gratis"; that the electric current produced by plaintiff's plant was in excess of its personal requirements aforesaid, and that plaintiff entered into an agreement for the sale of its excess current.

The agreement provides that the plaintiff "agrees that it

will provide in its new power plant in the Town of Foley sufficient capacity to supply the other party with a maximum of 600 KW during the life" of the contract.

Plaintiff further alleges that the electricity sold by it is not "for light, heat or power" within the meaning of Chapter 15658, but was a sale of electric current in gross for distribution in such manner and for such uses, including resale, as the purchasers elect and determine, and plaintiff says that the use and purpose to which such current was applied by said purchaser was the resale of the same to consumers; "that said Chapter 15658 was intended to tax the gross receipts of corporations primarily engaged in the business of furnishing electricity to ultimate consumers for light, heat or power, and not to tax the incidental production and sale of electric current for uses, such as resale, not specified in said Act; and that Florida Power & Light Company has paid the taxes imposed by said Act in relation to the receipts derived by it from the resale of the current purchased by it from the Plaintiff."

In denying a temporary injunction the Circuit Judge necessarily held the plaintiff to be liable to the tax imposed by Chapter 15658, Acts of 1931. The tax is upon "all corporations, firms and individuals, including municipalities, receiving payment for electricity for light, heat or power" * * * in "the sum of One ($1.50) Dollar and Fifty Cents upon each One Hundred ($100.00) of such gross receipts."

It is contended for appellant that "the employment of the qualifying words 'for light, heat or power' connotes that the business, the privilege of doing which is to be taxed, is that of what is commonly known as an electric light company, which furnishes electric current to consumers for use by them in the form of light, heat or power."

Section 2 of Chapter 15658 provides that "the tax hereby imposed shall only be upon the total amount of gross re-

ceipts received from business done between points in the State of Florida on the part of such companies."

The plaintiff is a corporation or company, and it does not appear that the "payments for electricity" upon which the tax is imposed, are not received from business done between points in the State of Florida. The plaintiff appellant here alleges that "the use and purpose to which such current was applied by said purchaser was the resale of the same to ultimate consumers." The customary, if not the only, uses of electric current by consumers are for "light, heat or power"; and it reasonably may be inferred from the record that the electric current generated at the plaintiff's "new power plant" is to be used for "light, heat or power" purposes. The mere fact that payments received for electricity are from a purchaser who sells to consumers, does not make the transactions other than those of "receiving payment for electricity for light, heat or power" purposes.

The statute does not limit the tax to receipts from retail sales, or to receipts from the first intrastate sale of electric current; but specifically imposes the tax upon those "receiving payment for electricity for light, heat or power," not upon those receiving payment for electricity from consumers for light, heat or power. The intent of the statute clearly appears by the language used; and such language is not ambiguous as to the tax imposed upon "all corporations * * * receiving payment for electricity for light, heat or power," it appearing that receipts by plaintiff are for electricity to be resold to "consumers."

In Commonwealth v. Pennsylvania Water & Power Co., 271 Pa. St. 456, 114 Atl. 489, the tax was upon gross receipts "from the business of electric light companies." Here the tax is upon "all corporations, firms and individuals * * * receiving payment for electricity for light, heat or power," there being no exemptions from the tax. The fact

that plaintiff corporation pays taxes levied on other business done by it, does not exempt it from the specific excise tax here imposed upon "all corporations."

Affirmed.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.