## Schmoyer's Appeal

*Stanley J. Fehr*, for plaintiff.
*Robert E. James*, for defendant.

McCLUSKEY, P. J., November 13, 1939.—Petitioner, Chester P. Schmoyer, operates a hotel known as the Nazareth Inn in the Borough of Nazareth, Northampton County, Pa. Testimony was taken before the court, and it is found as a fact that appellant operates a hotel and has been issued as a hotel keeper a liquor license by the Liquor Control Board. The Mercantile Appraiser for the County of Northampton has assessed petitioner in the sum of $15.49 plus an appraisement fee of 75 cents on the value of gross business done in the dining room of the hotel under the Act of April 25, 1907, P. L. 117, sec. 1, 72 PS §3131. An appeal from the assessment to the county treasurer and the mercantile appraiser, acting in conjunction as a board of appeals, having been refused, Schmoyer petitioned the court of common pleas for an appeal, and the appeal has been allowed.

The mercantile appraiser made the assessment on the theory that the business done in the dining room of the hotel is a restaurant business within the meaning of the Act of 1907, supra.

Petitioner asserts that he is operating a hotel business to which the dining room is accessory, and that hotels are not assessable under the Act of April 25, 1907, supra.

The Act of 1907, supra, provides:

"That from and after the passage of this act, each and every individual, firm, copartnership, or corporation en-

gaged in carrying on a restaurant, eating-house, café, or quick-lunch business shall pay an annual mercantile license-tax of two dollars, and shall pay one mill additional on each dollar of the whole volume, gross, of the business transacted annually."

The distinction between a hotel and a restaurant has been long established by decision and statute in the law of Pennsylvania. The legislature has defined a hotel as "any reputable place, operated by responsible persons of good reputation, where the public may, for a consideration, obtain sleeping accommodations with meals, and which, in a city, has at least ten, and in any other place at least six, permanent bedrooms for the use of guests, a public dining room or rooms operated by the same management, accommodating at least thirty persons at one time, and a kitchen, apart from the public dining room or rooms, in which food is regularly prepared for the public": The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 2, 47 PS §744-2.

A restaurant according to legislative definition is any "reputable place, operated by responsible persons of good reputation, and habitually and principally used for the purpose of providing food for the public; the place to have an area within a building of not less than four hundred square feet, equipped with tables and chairs accommodating at least thirty persons at one time": Act of June 16, 1937, supra.

Construing the Act of April 10, 1849, P. L. 570, 72 PS §3133, which imposes a tax on eating-houses, Judge Frazer said, a hotel "conducted upon the 'European plan,' is as much a hotel as though conducted upon the 'American plan;' it is not a restaurant or eating-house within the provisions of the Act of 1849 because some of their guests pay for their lodging and meals at different times", and decided that hotel owners were not taxable under the Mercantile License Tax of 1849: McClure, to use, v. Krumbholz et al., 9 Dist. R. 544 (1900).

In well-considered opinions, Judge Iobst construed the present Act of April 25, 1907, supra, and decided that a hotel operator is not assessable as conducting a restaurant, even though he served meals to transient guests and others not actually guests of the hotel, and holds himself out as ready to serve meals and sandwiches at any time to the public at large: Smith's Appeal, 16 Leh. L. J. 379 (1936) ; Fixl's Appeal, 31 D. & C. 226 (1937).

Our appellate courts have declared that statutes which impose taxes shall be strictly construed: Boyd et al. v. Hood et al., 57 Pa. 98 (1868). The words of the statute must impose the tax clearly and unambiguously upon the subject from which the tax is sought to be collected: Commonwealth v. Pennsylvania Water & Power Co., 271 Pa. 456, 458 (1921). The words of a tax statute are not to be extended by implication, and the tax should be construed to rest only upon such subjects as are plainly within its terms: Commonwealth v. P. R. T. Co., 287 Pa. 190, 196 (1926).

With the long-established distinction between the hotel and the restaurant business, the legislature is conversant. In the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, the legislature carefully differentiated between hotels and restaurants, although it imposed the same tax upon both, and designated the licenses granted as hotel liquor licenses and restaurant liquor licenses.

In the Act of April 25, 1907, supra, which we are now considering, the legislature enumerated the class of businesses upon which it imposed the tax: Restaurants, eating-houses, cafés, and quick-lunch businesses. Had the legislature intended to impose the tax upon hotel owners operating a dining room, it could have readily included such business within the enumeration. The legislature having omitted hotel dining rooms, we do not believe that their inclusion should be implied and must, therefore, decide that appellant is not engaged in carrying on a restau-

rant, eating-house, café, or quick-lunch business within the meaning of the Act of April 25, 1907, supra.

And now, November 13, 1939, it is ordered, adjudged, and decreed that the appeal be sustained. The mercantile assessments against Chester P. Schmoyer, appellant, are declared null and void, and judgment is entered in favor of appellant and against the Commonwealth with costs.